O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MICHAEL H., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:25-cv-01866-KES <br><br> MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

On July 23, 2025, Plaintiff Shawn Michael H. ("Plaintiff") filed a Complaint for review of denial of social security disability benefits. (Dkt. 1.) On October 15, 2025, Plaintiff filed a Plaintiff's Brief under Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). ("PB" at Dkt. 11.) After a stay caused by the lapse of appropriations to fund the federal government (Dkt. 10, 14), on December 8, 2025, Defendant Frank Bisignano, the Commissioner of Social Security ("Commissioner"), filed a responding Commissioner's Brief under Rule 7. ("CB" at Dkt. 15.) Plaintiff filed a Reply Brief. ("PRB" at Dkt. 16.) For the reasons

1

stated below, the Commissioner's decision denying benefits is REVERSED and REMANDED for further administrative proceedings.

## II.

## BACKGROUND

Plaintiff worked as a trash truck driver from 1996 to 2018. Administrative Record ("AR") 330-31. He stopped working on December 6, 2018, due to an industrial injury to his right ankle, after which he pursued a workers' compensation claim. AR 209, 609, 629, 780. His workers' compensation case settled in 2019. AR 601.

In July 2020, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability as of December 6, 2018. AR 209-15. Plaintiff filed a second DIB application on May 2, 2022, alleging the same disability onset date. AR 200.

On August 8, 2024, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). AR 33-57. On August 28, 2024, the ALJ issued an unfavorable decision. AR 14-32. The ALJ found that Plaintiff suffered from the severe medically determinable impairments ("MDIs") of "obesity; degenerative disc disease of the cervical spine; osteoarthritis of the knees; and right Achilles tear." AR 19. Despite these MDIs, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work with the following exertional demands:

> [Plaintiff] can lift and carry fifty pounds occasionally and twenty pounds frequently; [he] can stand and/or walk four hours in an eight-hour workday and sit for six hours in an eight-hour workday; [he] can frequently climb ramps and stairs; [he] can occasionally climb ladders, ropes and scaffolds; [he] can frequently balance, kneel, stoop, crouch and crawl and [he] must avoid concentrated exposure to hazards.

AR 22.

Based on these RFC findings, the VE's testimony, and other evidence, the ALJ found that Plaintiff could no longer do his past relevant work as a trash truck driver. AR 25-26. He could, however, work as a (1) storage facility rental clerk (Dictionary of Occupational Titles ("DOT") 295.367-026); (2) ticket seller (DOT 211.467-030); and (3) router (DOT 222.587-038) (the "Alternative Jobs"). AR 27. The DOT classifies all the Alternative Jobs as light work. Generally, light work "requires standing or walking for *six* hours in an eight-hour day," not *four*, the limit in Plaintiff's RFC. Jenkins v. Astrue, 628 F. Supp. 2d 1140, 1149 (C.D. Cal. 2009) (emphasis added); see Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6, 1983 SSR LEXIS 30, at *14 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). The ALJ concluded that Plaintiff was not disabled. AR 27.

## III.

## ISSUES PRESENTED

(1) Whether the ALJ erred by failing to find that Plaintiff had a "severe shoulder or lumbar impairment." (PB at 6-9.)

(2) Whether the ALJ erred by failing to give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's symptom testimony. (PB at 9-14.)

(3) Whether the ALJ erred by failing to account in the RFC findings for "mild" mental limitations assessed by consultative psychologist LaQeishia Hagans, Ed.D. (PB at 14-17.)

(4) Whether the ALJ's finding that Plaintiff can do the Alternative Jobs is supported by substantial evidence, since the VE did not explain testimony about walking and standing requirements that deviated from the DOT. (PB at 17-19.)

/ / /

/ / /

/ / /

# IV.
# DISCUSSION

Because error in the ALJ's vocational findings raised by Issue Four provides a sufficient basis to remand for further administrative proceedings, the Court declines to address Plaintiff's other issues. On remand, the ALJ may wish to consider Plaintiff's other claims of error.

### A. ISSUE FOUR: Support for the ALJ's Vocational Findings.

#### 1. Relevant Law.

The DOT is the Commissioner's "primary source of reliable job information" and creates a rebuttable presumption as to a job classification. Johnson v. Shalala, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995) (citing Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990)). ALJs may rely on VE testimony "which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Id. at 1435; Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997). Although evidence provided by a VE "generally should be consistent" with the DOT, "[n]either the DOT nor the VE … evidence automatically 'trumps' when there is a conflict." SSR 00-4p, 2000 WL 1898704, at *2, 2000 SSR LEXIS 8, at *4-5. Thus, the ALJ must first determine whether a conflict exists, and if it does, the ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT. Id. Only after determining whether the VE has deviated from the DOT, and whether any deviation is reasonable, can an ALJ properly rely on the VE's testimony as substantial evidence to support a disability determination. Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

"For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). If there is an apparent conflict, an ALJ may rely on VE testimony but only to the extent that the record contains persuasive

evidence supporting the deviation.  Johnson, 60 F.3d at 1435.

**2.     Relevant Administrative Proceedings.**

When the ALJ questioned the VE at the hearing, the ALJ's first hypothetical question did not contain any limitations on standing or walking.  AR 54-55.  The ALJ then added a limitation that the hypothetical worker be "limited to walking and/or standing four hours in an eight-hour workday."  AR 55.  The VE testified that such a worker could perform the Alterative Jobs, identifying all of them as "light" work.  AR 56.

The ALJ asked the VE if his testimony was consistent with the DOT.  AR 56.  The VE answered, "It has aside of a few things here, climbing ladders and stairs, [as well as] the off-task time[] would be based upon my knowledge, experience[,] and training.  I'm trying to see if there's anything else that I'm missing.  I think that's it, Your Honor."  AR 56-57.  No one asked the VE any further questions.  AR 57.

**3.     Analysis.**

The first inquiry is whether the VE's testimony raised an apparent conflict with the DOT.  It did.  The ALJ asked the VE about a hypothetical worker limited to walking or standing for four hours per day, whereas the VE testified that Plaintiff could do the Alternative Jobs, all of which, as light work, require walking or standing for up to six hours per day.  AR 27, 56; Melissa B. v. Kijakazi, No. 5:20-cv-01684-MAA, 2022 U.S. Dist. LEXIS 12792, at *9 (C.D. Cal. Jan. 24, 2022) (discussing the well-established nature of the definition of light work).

Next, the apparent conflict was not resolved with persuasive evidence to support the deviation.  When the ALJ asked the VE if his testimony deviated from the DOT, the VE failed to acknowledge a deviation about walking or standing requirements.  AR 56-57.  As a result, the ALJ did not inquire about the deviation, and the VE failed to provide any explanation.  AR 57.  "Absent anything in the record to explain this apparent discrepancy, we must reverse and remand so the

ALJ can ask the VE to reconcile these jobs with [Plaintiff's walking and standing] limitations." Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017); see also Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1004 (9th Cir. 2015) ("Because the ALJ did not recognize the apparent conflict …, the VE did not address whether the conflict could be resolved. As a result, we cannot determine whether substantial evidence supports the ALJ's step-five finding.") (citation modified). Thus, reversal is warranted. See Melissa B., 2022 U.S. Dist. LEXIS 12792, at *9 (remanding case for identical scenario).

The Commissioner contends that the VE's testimony provides sufficient evidentiary support for the ALJ's vocational findings. (CB at 17.) The Commissioner argues that the VE sufficiently identified and explained the conflict between his testimony and the DOT by testifying that "a few things" he said deviated from the DOT, but those were based on his experience. (CB at 17-18.) But the VE identified only testimony about climbing and time spent off-task as testimony that deviated from the DOT. AR 56-57. The VE did not say that his testimony about the walking and standing requirements of the Alternative Jobs was based on his experience.

The Commissioner also contends that not *all* light jobs require six hours of walking or standing. (CB at 18.) While this is true, per the DOT, all light work can require up to six hours of walking or standing. This requires the VE to explain any testimony that someone who cannot walk and/or stand for six hours can nevertheless do *particular* light jobs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

6

## V.
## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** this case for further administrative proceedings.

DATED:  January 8, 2026

_____
KAREN E. SCOTT
United States Magistrate Judge